MEMORANDUM
LUHRING, J.
The plaintiff, Wendell M. Dill, by his next friend, C. C. Dill, seeks an annulment of his marriage with the defendant, Margie Dill, on the ground “that the plaintiff and defendant were only eighteen years of age when married, and neither of said parties had the consent of their parents to enter into the marriage relationship.”
It is alleged that the parties “separated very shortly” after the marriage and have not lived together since. The date of the separation is not alleged.
Chapter 64, Sec. 3636 of Volume 2 of the West Virginia Code (1913), on the subject of divorces, provides that:
“. . . all marriages solemnized when either of the parties was . . . under the age of consent, shall, if so solemnized within this State, be void from the time they are so declared by a decree of divorce or nullity. ’ ’
Section 3637 is as follows:
“The age of consent of the male shall be eighteen years, and of the female sixteen years.”
It is provided by Title 14, Sec. 3, Code of Laws, D. C. that:
*98 “The following marriages in said District shall be illegal, and shall be void from the time when their nullity shall be declared by decree, namely:

Ci

“Fourth. When either of the parties is under the age of consent, which is hereby declared to be sixteen years of age for males and fourteen for females. ’ ’
The plaintiff and the defendant were duly licensed to marry by the Clerk of the County Court of Ohio County, West Virginia, on the 29th day of May, 1934, and were united in marriage by the Reverend William H. Fields, a duly ordained minister of the gospel, at Wheeling, West Virginia, on the same day.
They were at that time eighteen years of age, and their parents or guardian did not give consent to the County Clerk to the marriage. On the contrary, the parties represented to the Clerk that they were each over the age of twenty-one years so that, under Sec. 3603 of Chapter 63 of the West Virginia Code, consent was not necessary. Bach of the contracting parties made oath before the Clerk as follows:
“We, Wendell Dill and Margie Heaton, do solemnly swear that we are over the age of twenty-one years and that all other statements made by us are true. So help us God! ’ ’
As we have seen under the laws of West Virginia and the District of Columbia, each of the parties was at the age of consent. They were duly licensed to marry, and there is no provision of the law of West Virginia declaring that the want of consent by the parents or guardian renders the marriage either void or voidable.
Therefore, in the absence of fraud practiced by either one of the parties upon the other, the mere fact that they misrepresented their age to the Clerk of the Court and thus induced him to issue the license affords them no relief. The case of Payne v. Payne, 54 Ap. D. C. 149, is in point.
The bill is dismissed.